UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HENRY ALTAMIRANO,<br><br>　　　　　　　Petitioner,<br>　　v.<br>WARDEN TIM GARRETT, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:23-cv-00266-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

This habeas matter is before the Court on Petitioner Henry Altamirano's Response (ECF No. 7) to the Court's Order to Show Cause as to why the petition should not be dismissed as untimely (ECF No. 5). Also before the Court are Petitioner's Motions for Judicial Notice. (ECF Nos. 11, 12.) For the reasons discussed below, the Court dismisses the petition for writ of habeas corpus with prejudice as untimely and denies Petitioner's motions as moot.

**II.　BACKGROUND**

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Altamirano*, Case No. C-16-314317-1. On October 31, 2017, the state court entered a judgment of conviction for one count of lewdness with a child under the age of fourteen and one count of attempted sexual assault of a minor under fourteen years of age. The state court sentenced Petitioner to life with the possibility of parole after ten years for the lewdness with a child under the age of fourteen conviction and a term of 96 to 240 months in prison for the attempted sexual assault of a minor under fourteen conviction. Petitioner filed an untimely notice of appeal and the Nevada appellate court dismissed for lack of jurisdiction.

///

On October 13, 2022, Petitioner filed a motion to correct illegal sentence. The state district court denied his motion to correct illegal sentence and the Nevada Court of Appeals affirmed the denial of relief. Petitioner did not file a state habeas petition. On June 12, 2023, Petitioner filed his federal habeas petition. (ECF No. 1-1.)

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, an untimely state petition is not "properly filed" and thus does not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

No statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief or other collateral review in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). Additionally, no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

///

///

When a state appellate court dismisses a direct appeal as untimely, the date of finality is the date on which the time for filing a timely appeal expired, *i.e.*, 30 days from entry of the judgment of conviction. *Randle v. Crawford*, 604 F.3d 1047, 1054-55 (9th Cir. 2010) (rejecting petitioner's argument that the "conclusion of direct review" in his case occurred on the date the Nevada Supreme Court dismissed his direct appeal as untimely).

The show cause order explained that because Petitioner did not file a timely notice of appeal after the state district court entered the judgment of conviction, Petitioner's conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on November 30, 2017. (ECF No. 5 at 3.) The AEDPA limitations period began to run the day after time expired for Petitioner to file a timely appeal. Absent another basis for tolling or delayed accrual, the limitations period expired 365 days later on November 30, 2018.

Accordingly, absent another basis for tolling or delayed accrual, Petitioner filed his petition four years and six months after the limitations period expired. Even if the Court assumes, without deciding, that the limitations period tolled during the pendency of Petitioner's motion to correct illegal sentence, Petitioner did not file his motion to correct illegal sentence until October 13, 2022—nearly four years after the limitations period expired. Given these facts, the Court ordered Petitioner to show cause why this action should not be dismissed with prejudice as untimely. (ECF No. 5.)

In his response to the order to show cause, Petitioner provides that he did not initiate a direct appeal, but appealed the denial of his motion to correct illegal sentence in November 2022. (ECF No. 7 at 1-2.) He further provides that because he is challenging the jurisdiction of the state court, the grounds are not subject to the one-year limitation period. (*Id*. at 2.) Petitioner cites to *Kelly v. U.S.*, 29 F.3d 1107 (7th Cir. 1994), arguing that when challenging jurisdiction error, the defendant need not show cause and prejudice. (*Id.*) The petitioner in *Kelly*, however, challenges his sentence under 28 U.S.C. § 2255 because the district court did not make specific findings of fact required under the Federal Rules of Criminal Procedure. 29 F.3d at 1108. Here, Petitioner is challenging a

3

state court conviction and sentence under 28 U.S.C. § 2254. Petitioner's argument to avoid the application of the limitation period based on lack of jurisdiction is without merit.

Petitioner alleges no other basis for tolling, equitable or statutory, or delayed accrual of any of his claims. Petitioner does not argue that he is actually innocent. Accordingly, the petition, filed more than four years after the expiration of the AEDPA statute of limitations, is untimely and must be dismissed.

## IV.   CONCLUSION

It is therefore ordered that the petition (ECF No. 1-1) is dismissed with prejudice as untimely. The Clerk of Court is directed to file the petition.

It is further ordered that Petitioner's motions for judicial notice (ECF Nos. 11, 12) are denied as moot.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition as untimely to be debatable or wrong.

The Clerk of Court is further directed to enter final judgment accordingly and close this case.

DATED THIS 9th Day of November 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE